The UNITED STATES of America, Plaintiff,

v.

Richard J. MAESTAS et al., Defendants.

Crim. No. 74-228.

United States District Court, D. New Mexico.

Oct. 21, 1974.

**965**

William W. Deaton, Federal Public Defender, Albuquerque, N. M., for Richard J. Maestas.

Larry Lamb, Lamb, Metzgar, Franklin & Lines, Albuquerque, N. M., for Frankie Chavez.

William H. Carpenter, Albuquerque, N. M., for Sam Floyd Victorino, Jr.

Richard J. Smith, Asst. U. S. Atty., Albuquerque, N. M., for United States.

## ORDER

MECHEM, District Judge.

On September 7, 1974, Public Law 93–415 became effective. Title V amends the former Juvenile Delinquency Act at 18 U.S.C. § 5031 et seq. The question presented here is whether the new Act applies to the pending prosecution against defendant Chavez.

Chavez, age 14, was indicted on August 2, 1974, and charged with rape and murder. These charges precluded his being treated as a juvenile under the former § 5031. The new Act, however, re-defines juvenile delinquency to include crimes punishable by capital and life sentences. Section 5032 requires that Frankie Chavez be proceeded against as a juvenile because he is less than sixteen.

The purpose of juvenile delinquency acts is to remove youths from criminal process and to avoid criminal prosecution. The Act controls the manner in which juveniles are proceeded against and is largely procedural and remedial. Nevertheless, juvenile delinquency itself is a substantive offense or status that is to be adjudicated. The argument has thus been made that the definition of juvenile delinquency is a substantive provision defining a liability and that that liability is not extinguished by subsequent amendment of the section. 1 U. S.C. § 109. The savings statute provides that a repealed or amended statute shall remain in force for the purpose of sustaining any prosecution unless the repealing act provides otherwise.

The Act is silent as to how it was intended to affect pending prosecutions and legislative history is not yet published. The two state cases on point cited by the United States in its memorandum reach opposite results. The question here is not whether a conviction would be sustained on appeal but whether defendant Frankie Chavez should be given the benefits of the new Act. The Act itself is a manifestation of a policy that children of Frankie's age must be removed from the criminal process. The policy and procedural import of the Delinquency Act are more important than the fact that the act may also entail the creation of a substantive offense. I feel that the policy considerations inherent in the new Act requires that Frankie be tried as a juvenile. In order to establish confidentiality for defendant Frankie Chavez, the indictment, although valid when returned by the Grand Jury, must be withdrawn as to Frankie Chavez and an information substituted for it. It will also be necessary to expunge defendant Frankie Chavez' name wherever it appears in Criminal File No. 74–228. Now, Therefore,

It is ordered that the United States shall withdraw its indictment as to defendant Frankie Chavez and substitute an information in its place.

It is further ordered that the Clerk shall expunge the name of Frankie Chavez wherever it appears in Criminal File No. 74–228.