**UNITED STATES of America,**
**Plaintiff,**

v.

**George James AZEVEDO, Defendant.**

**Cr. No. 73-13289.**

United States District Court,
D. Hawaii.

May 27, 1975.

Thomas P. Young, Asst. U. S. Atty., Harold M. Fong, U. S. Atty., Honolulu, Hawaii, for plaintiff.

Hyman M. Greenstein, Paul E. DiBianco, Honolulu, Hawaii, for defendant.

## MEMORANDUM AND ORDER ON MOTION TO RECONSIDER ORDER DENYING MOTION TO DISMISS

SAMUEL P. KING, Chief Judge.

■ In a previous order this court denied defendant's motion to dismiss holding that "the exposure of a juvenile to mandatory treatment as an adult for offenses punishable by (death or) life imprisonment is a liability saved by [1 U.S.C.] section 109," and that therefore the Juvenile Justice and Delinquency Prevention Act of 1974 was not applicable to defendant. United States v. Azevedo, 386 F.Supp. 622, 625 (D. Hawaii 1974).

Subsequent to that decision, the United States Court of Appeals for the Tenth Circuit held that the new Act was applicable to a juvenile in a pending prosecution. United States v. Mechem, 509 F.2d 1193 (10th Cir. 1975) (per curiam) (on petition for writ of prohibition and mandamus). This decision, in effect, affirmed the district court's decision in the same case. United States v. Maestas, 387 F.Supp. 964 (D.N.M.1974). The Court of Appeals, in denying the writ, stated:

> Since the purpose of the Act is to avoid prosecution of juveniles as criminals, Cotton v. United States, 355 F.2d 480, 481 (10th Cir.), and since it recognizes the need for "immediate and comprehensive action," Pub.L.No. 93–415, § 101(b), 88 Stat. 1109, we are satisfied that Congress did not intend the ordinary criminal process to continue, through the saving statute, to reach juveniles not yet tried.

509 F.2d at 1196.

In light of this decision, I hold that the new Act is applicable to defendant. The proper remedy is not necessarily dismissal, however. Under 18 U.S.C. section 5032, the Attorney General must surrender the juvenile to the state authorities unless he certifies either that the state courts do not have jurisdiction or refuse to assume it or that the state does not have available programs and services adequate for the needs of juveniles. If the Attorney General so certifies, he must proceed by information or, in a case such as this where defendant was over 16 years old at the time of the alleged act, by motion to transfer.

It is therefore ordered that the United States withdraw its indictment of defendant and surrender him to the appropriate authorities of the State of Hawaii pursuant to 18 U.S.C. section 5032.