## MATTER OF RAMIREZ-RIVERO

### In Exclusion Proceedings

### A-23224918

*Decided by Board October 5, 1981*

(1) In order for a foreign conviction to serve as a basis for a finding of inadmissibility, the conviction must be for conduct deemed criminal by United States standards.

(2) An act of juvenile delinquency is not a crime in the United States and an adjudication of delinquency is not a conviction for a crime within the meaning of the Immigration and Nationality Act.

(3) The standards established by Congress, as embodied in the Federal Juvenile Delinquency Act (FJDA), 18 U.S.C. 5031 *et seq.*, as amended by the Juvenile Justice and Delinquency Prevention Act of 1974, Pub. L. 93-415, 88 Stat. 1133 (effective September 7, 1974), govern whether a foreign offense is to be considered a delinquency or a crime by United States standards.

(4) The FJDA defines a "juvenile" as "a person who has not attained his eighteenth birthday, or for the purpose of proceedings and disposition under this chapter for an alleged act of juvenile delinquency, a person who has not attained his twenty-first birthday," and "juvenile delinquency" as "the violation of a law of the United States committed by a person prior to his eighteenth birthday which would have been a crime if committed by an adult." 18 U.S.C. 5031.

(5) Pursuant to section 5032 of the FJDA, 18 U.S.C. 5032, any juvenile within the jurisdiction of the federal courts alleged to have committed an act of juvenile delinquency while under 16 years of age is not subject to criminal prosecution as an adult, regardless of the nature of the offense or the potential punishment, but rather is entitled to benefit from the protective and rehabilitative provisions of the FJDA unless he waives his right, in writing upon advice of counsel, to such treatment.

(6) Inasmuch as the Board will not presume that a juvenile would opt to forego his right to be proceeded against as a delinquent in favor of criminal prosecution, the applicant's breaking and entering theft committed when he was 13 years of age, though treated as a crime in Cuba, may not as a matter of law be deemed criminal by United States standards and therefore is not an excludable offense under section 212(a)(9) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(9).

EXCLUDABLE:
Order: Act of 1952—Sec. 212(a)(9) [8 U.S.C. 1182(a)(9)] Convicted of a crime involving moral turpitude

Sec. 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant not in possession of valid unexpired visa or other valid entry document

ON BEHALF OF APPLICANT:  Richard Berley, Esquire
600 First Avenue
Seattle, Washington 98104

BY:  Milhollan, Chairman; Maniatis, Maguire, Morris, and Vacca, Board Members

This case is before us on appeal from a decision of an immigration judge dated October 21, 1980, which found the applicant excludable, denied his requests for asylum and relief under section 243(h) of the Immigration and Nationality Act, 8 U.S.C. 1253(h),[1] and ordered him excluded and deported from the United States. The appeal will be dismissed.

The applicant is a 21-year-old native and citizen of Cuba who arrived in this country by boat at Key West, Florida, in June 1980, as part of the Cuban "Freedom Flotilla." He was paroled into the United States for deferred inspection. Shortly after his arrival in this country, the applicant made certain admissions on the basis of which he was given notice of his possible excludability under section 212(a)(9) of the Act, 8 U.S.C. 1182(a)(9), as an alien who has been convicted of a crime involving moral turpitude, and under section 212(a)(20) of the Act, 8 U.S.C. 1182(a)(20), as an immigrant without a valid visa or other entry document. His parole status was subsequently terminated and he was placed in these exclusion proceedings.

At his exclusion hearing, the applicant testified that he came to this country for the purpose of residing here permanently but conceded that he lacks the requisite documentation. The applicant further testified that he had been convicted in Cuba for entering an unoccupied private home and stealing some arms, a large quantity of clothing, and some combs, having entered the house during the daytime by pushing open a door.[2] He explained that he had stolen the arms not to use as weapons but to sell; he insisted that he stole solely to provide necessities for himself and his family. The applicant was 13 years old at the time of the offense. He had served 6 or 7 years of a 20-year prison sentence imposed pursuant to his conviction for that offense when released for the purpose of joining the Cuban boat lift.[3]

At the conclusion of the hearing, the immigration judge determined that the applicant is excludable under section 212(a)(20) of the Act. We agree. *Matter of Castellon,* 17 I&N Dec. 616 (BIA 1981). However, the immigration judge determined that the applicant is not inadmissible under section 212(a)(9) of the Act, notwithstanding a specific finding that he was convicted as an adult of a crime under Cuban law, conclud-

---

[1] The applicant applied for asylum. The regulations, however, provide that asylum requests made in exclusion or deportation proceedings "shall also be considered as requests for withholding exclusion or deportation pursuant to section 243(h) of the Act." 8 C.F.R. 208.3(b).

[2] The applicant also admitted to one previous theft, committed when he was 12 years of age, for which he was not apprehended.

[3] While the applicant's initial testimony with respect to the length of his sentence is somewhat ambiguous, he appears to have ultimately conceded that he was sentenced to 20 years (Tr. pp. 27-28). In any event, the length of sentence imposed by the Cuban court is immaterial in light of our legal conclusions in the case.

ing that the applicant's age at the time of his offense precludes a finding that the offense involved moral turpitude. We likewise conclude that the applicant is not excludable by reason of his conviction record under section 212(a)(9) of the Act, but our rationale differs from that of the immigration judge: we find that the applicant's offense is not a crime within the contemplation of the Immigration and Nationality Act and accordingly, do not reach the question of whether or not the offense was turpitudinous in nature.

In order for a foreign conviction to serve as a basis for a finding of inadmissibility, the conviction must be for conduct which is deemed criminal by United States standards. *Matter of McNaughton*, 16 I&N Dec. 569 (BIA 1978). It is settled that an act of juvenile delinquency is not a crime in the United States and that an adjudication of delinquency is not a conviction for a crime within the meaning of our immigration laws. *See* discussion in *Hu Yau-Leung* v. *Soscia*, 500 F.Supp. 1382 (E.D.N.Y. 1980), and the cases cited therein; *Matter of O'N-*, 2 I&N Dec. 319 (BIA 1945; A.G. 1945); *Matter of F-*, 2 I&N Dec. 517 (C.O. 1946; BIA 1946); *Matter of A-*, 3 I&N Dec. 368 (BIA 1948); *Matter of C-M-*, 5 I&N Dec. 327 (BIA 1953).

Congress manifested its view as to conduct constituting acts of juvenile delinquency with the enactment of the Federal Juvenile Delinquency Act (hereinafter, the FJDA).[4] Considering Congress' plenary power to legislate with respect to the classes of aliens that may be admitted to the United States and the correlative desirability of a rule which provides national uniformity in the administration of a federal statute such as the Immigration and Nationality Act, we believe it appropriate to look to the standards fashioned by Congress, embodied in the FJDA, to determine whether a given act is to be considered a delinquency or a crime by United States standards.

The FJDA defines a "juvenile" as "a person who has not attained his eighteenth birthday, or for the purpose of proceedings and disposition under this chapter for an alleged act of juvenile delinquency, a person who has not attained his twenty-first birthday," and "juvenile delinquency" as "the violation of a law of the United States committed by a person prior to his eighteenth birthday which would have been a crime if committed by an adult." 18 U.S.C. 5031.[5] Pursuant to section 5032 of the Act, 18 U.S.C. 5032, any juvenile within the jurisdiction of the federal courts[6] alleged to have committed an act of juvenile delinquency while under 16 years of age is not subject to criminal prosecution as an

---

[4] 18 U.S.C. 5031 *et seq.*, as amended by the Juvenile Justice and Delinquency Prevention Act of 1974. Pub. L. 93-415. 88 Stat. 1133 (effective September 7, 1974).

[5] Under the predecessor to the present section 5031, in force when the applicant committed his offense, "juvenile delinquency" was defined to exclude acts committed by a juve-

adult. Rather, he is entitled to benefit from the protective and rehabilitive provisions of the FJDA unless he waives his right, in writing upon advice of counsel, to such treatment.[7]

A juvenile whose alleged offense is perpetrated between his sixteenth and eighteenth birthday is likewise proceeded against as a juvenile delinquent unless he is charged with committing an act which, if committed by an adult, would be a felony punishable by a maximum penalty of 10 years imprisonment or more, life imprisonment or death. Under those circumstances, criminal proceedings may be instituted if a federal district court determines, after hearing on a motion to transfer for criminal prosecution brought by the Attorney General, that such transfer would be in the interest of justice. 18 U.S.C. 5032.

As noted earlier, the applicant was 13 years of age at the time of his offense. Under Congressionally mandated procedures governing the treatment of juveniles, the Government may not proceed criminally against any person within the jurisdiction of the federal courts whose alleged offense was committed while under 16 years of age, regardless of the nature of the offense or the potential punishment, unless on counsel's advice the youth requests prosecution as an adult. 18 U.S.C. 5032. We will not presume that a juvenile would opt to forego his right to be proceeded against as a delinquent in favor of criminal prosecution. We thus conclude that the applicant's transgression, whether or not

---

nile that were punishable by death or life imprisonment. The applicant's offense clearly was not of such gravity and we consequently need not consider at this time what result would be reached had that exception applied in this case. Cf. *United States* v. *Mechem*, 509 F.2d 1193 (10 Cir. 1975); *United States* v. *Azevedo*, 394 F.Supp. 852 (D. Hawaii 1975).

[6] An appropriate federal district court may proceed in a case upon certification by the Attorney General that the juvenile court or other appropriate court of a state either lacks or refuses to assume jurisdiction or does not have available programs and services adequate for the needs of juveniles; absent such certification, the juvenile is to be surrendered to state legal authorities.

[7] Those protections, which effectively remove juveniles from the regular criminal justice system and provide a separate system of treatment for them, include: proceeding against the juvenile by information rather than by indictment, thus avoiding the stigma of a criminal conviction (section 5032, FJDA); providing for representation by counsel at every critical stage of the proceedings (section 5032); providing for trial within 30 days from the date of detention in the case of a detained alleged delinquent (section 5036); allowing considerable flexibility with respect to the disposition of an adjudicated delinquent (section 5037); confining the juvenile, when confinement is deemed necessary (section 5034), in a facility, separate from the adult criminal population, offering treatment and rehabilitative services (sections 5035 and 5039); limiting the term of confinement to which an adjudicated delinquent may be committed to his twenty-first birthday or the maximum term which could have been imposed on an adult for the same offense, whichever is the lesser period, or, in the case of a juvenile who has reached his nineteenth birthday at the time of disposition, to the lesser of 2 years or the maximum sentence which could have been imposed on an adult (section 5037); and safeguarding the record of proceedings from disclosure by prohibiting its release except under specified circumstances (section 5038).

treated as a crime in Cuba, may not as a matter of law be deemed criminal by United States standards and consequently is not an excludable offense. *Matter of McNaughton, supra.* A finding of inadmissibility under section 212(a)(9) of the Act may not be sustained.

Prior to the exclusion hearing, the applicant's request for asylum was denied by the District Director who, after consultation with the Department of State, found the applicant barred by his criminal record from establishing eligibility for the relief sought.[8] The applicant availed himself of his regulatory right to renew his application before the immigration judge at the hearing. 8 C.F.R. 208.9. Finding that the applicant was not precluded by the commission of a serious nonpolitical crime from qualifying for asylum or section 243(h) relief, the immigration judge nonetheless denied his application for failure to establish his persecution claim. The immigration judge's decision is correct.

An applicant for asylum or withholding of deportation must show that, if deported, his life or freedom would be threatened on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8 C.F.R. 208.5; 8 C.F.R. 236.3(a)(2). *See generally Matter of McMullen,* 17 I&N Dec. 542 (BIA 1980). To meet his burden of proof, the applicant must demonstrate a clear probability that he will be so persecuted if returned to his country. *Matter of McMullen, id.*

The applicant has not sustained his burden. He has failed to make, let alone substantiate, any specific factual allegations tending to establish that he will be singled out for persecution if deported to Cuba. As the applicant is inadmissible and ineligible for the relief he seeks, his appeal must be dismissed.

**ORDER:** The appeal is dismissed.

---

[8] The statute and the regulations provide that an alien may not obtain a grant of asylum or withholding of deportation under section 243(h) of the Act, despite a valid persecution claim, where it is determined that "there are serious reasons for considering that the alien has committed a serious nonpolitical crime outside the United States prior to the arrival of the alien in the United States." Section 243(h)(2)(C) of the Act. 8 U.S.C. 1253(h)(2)(C); 8 C.R.F. 208.8(f)(1)(v). *See also Matter of Ballester-Garcia,* 17 I&N Dec. 592 (BIA 1980); *Matter of Rodriguez-Palma,* 17 I&N Dec. 465 (BIA 1980).