## MATTER OF DE LA NUES

### In Exclusion Proceedings

### A-23224173

*Decided by Board October 5, 1981*

(1) Conduct underlying a foreign conviction which constitutes an act of juvenile delin-
quency under United States standards, however treated by the foreign court, is not a
crime for purposes of the Immigration and Nationality Act, and, accordingly, may not
serve as the basis of a finding of excludability under section 212(a)(9) of the Act, 8
U.S.C. 1182(a)(9).

(2) Applying the Federal Juvenile Delinquency Act (FJDA) as the benchmark of United
States standards, an act which would be a crime if committed by an adult is an act of
juvenile delinquency where perpetrated by a youth between 16 and 18 years of age
unless the act complained of, if committed by an adult, would be a felony punishable by a
maximum penalty of 10 years imprisonment or more, life imprisonment, or death; under
those circumstances, the Attorney General may move to transfer the case for criminal
prosecution. 18 U.S.C. 5032. *Matter of A*, 5 I&N Dec. 639 (BIA 1954), modified.

(3) In determining whether a foreign offense would make a juvenile liable to possible
criminal prosecution under United States standards by virtue of the penalty involved,
the offense is examined in light of the maximum punishment imposable for an equivalent
crime described in the United States Code or, if an equivalent crime is not found there,
in the District of Columbia Code.

(4) Inasmuch as each crime equivalent to the applicant's offenses (*see* sections 22-1801(b)
and 22-2205, District of Columbia Code, defining second degree burglary and receipt of
stolen goods respectively) carries a maximum penalty of 10 years imprisonment or
longer, it may not be said that one charged with the commission of either offense while
over the age of 16 years is entitled as a matter of law to treatment as a juvenile
delinquent and therefore it is incumbent upon the applicant, who committed his offenses
at 16 and 17 years of age, to establish that he was in fact dealt with as a juvenile
delinquent in Cuba under a system of treatment substantially similar to the FJDA.

(5) The applicant was given a determinate prison sentence in Cuba extending beyond his
minority and therefore has not established that he was treated as a juvenile delinquent
under a system comparable to our own and must be considered to have been convicted
of a crime. *Compare* 18 U.S.C. 5037(b).

(6) The applicant's burglary offense is a crime involving moral turpitude notwithstanding
the fact that the offense may have been motivated by economic hardship.

(7) The juvenile offender exception to section 212(a)(9), available to a qualifying youthful
offender even though he is deemed to have been convicted of a crime involving moral

turpitude rather than adjudicated a juvenile delinquent under United States standards, does not apply to the applicant as fewer than 5 years have elapsed since his release from confinement.

EXCLUDABLE:

Order: Act of 1952—Sec. 212(a)(9) [8 U.S.C. 1182(a)(9)]—Conviction of a crime involving moral turpitude

Sec. 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant not in possession of valid unexpired visa or other valid entry document

ON BEHALF OF APPLICANT: Julie A. Kesler, Esquire
c/o Seattle-King County Bar
  Association
320 Central Building
Seattle, Washington 98104

BY: Milhollan, Chairman; Maniatis, Maguire, Morris, and Vacca, Board Members

The applicant has appealed from a decision of an immigration judge dated November 14, 1980, which found him excludable, denied him asylum and relief under section 243(h of the Immigration and Nationality Act, 8 U.S.C. 1253(h), and ordered hi n excluded and deported from the United States. The appeal will be dismissed.

The applicant, a 21-year-old native and citizen of Cuba, arrived in the United States at Key West, Florida, on June 6, 1980, as part of the recent exodus from Cuba. On June 21, 1980, the applicant executed a sworn statement and an application for asylum in which he admitted to having been convicted in Cuba on two occasions. According to those documents, in 1976 when he was 16 years of age, the applicant purchased a stolen motorcycle from a friend for 1,500 pesos. He was convicted of possession of stolen property and sentenced to a 1-year term of imprisonment.[1] In May 1977, at the age of 17 years, the applicant and a friend broke into a government-owned store at night and stole a quantity of clothing and other goods valued in excess of 8,000 pesos. The applicant was arrested shortly after the break-in and incarcerated without trial until February 1979, when he was tried, convicted of breaking and entering theft, and sentenced to 8 years imprisonment.[2] He was serving that sentence when taken to a boat bound for the United States.

---

[1] The applicant maintains that he bought the motorcycle not knowing that it was stolen. Under common law and United States law (see generally 18 U.S.C. 2311 et seq.; District of Columbia Code, section 22-2205), either actual knowledge or reason to believe the goods were stolen is an essential element of the offense which must be established in order to convict. We are unwilling to assume, absent proof, that a finding of scienter is not likewise required to convict under Cuban law. The applicant by his own account was convicted.

[2] The applicant's asylum application reflects that he received a 20-year prison sentence pursuant to his second conviction. However, in his separate, more detailed sworn statement,

The applicant further stated that he had not been issued a visa or any other document entitling him to enter the United States. These exclusion proceedings were thereupon instituted to determine whether the applicant is excludable under section 212(a)(9) of the Act, 8 U.S.C. 1182(a)(9), as an alien who has been convicted of a crime involving moral turpitude, or under section 212(a)(20) of the Act, 8 U.S.C. 1182(a)(20), as an immigrant without a valid immigrant visa.

At the second in a series of exclusion hearings conducted between August 13, 1980, and November 14, 1980, the applicant testified that he intends to remain permanently in the United States but conceded that he lacks the requisite documentation. He also acknowledged his two convictions. Midway through the third and final hearing, however, the applicant belatedly stated that he thought an appeal had been taken from his second conviction and his sentence reduced to 4 years as a consequence. He testified that he stole out of necessity.

The immigration judge found the applicant excludable under both section 212(a)(9) and section 212(a)(20). He further found the applicant ineligible for asylum or section 243(h) relief.[3]

In *Matter of Ramirez-Rivero*, 18 I&N Dec. 135 (BIA 1981), decided today, we held that conduct underlying a foreign conviction which constitutes an act of juvenile delinquency under United States standards, however treated by the foreign court, is not a crime for purposes of our immigration laws and, accordingly, may not serve as the basis of a finding of excludability. Applying the Federal Juvenile Delinquency Act (hereinafter, the FJDA)[4] as the benchmark of United States standards, we found that an act which would be a crime if committed by an adult is an act of juvenile delinquency where perpetrated by a youth under the age of 16 years or by a youth between 16 and 18 years of age unless, in the latter case, the act complained of, if committed by an adult, would be a felony punishable by a maximum penalty of 10 years imprisonment or more, life imprisonment, or death.[5] Under those circumstances, the Attorney General may move to transfer the case for criminal prosecution. Section 5032 of the FJDA, 18 U.S.C. 5032; *Matter of Ramirez-Rivero*, id.

incorporated by reference in the asylum application, the applicant explained that while the prosecutor had sought a 20-year sentence, the court actually sentenced him to 8 years. In a letter posted to the Immigration and Naturalization Service in August 1980, the applicant likewise advised that he had been serving an 8-year prison sentence when he left his country.

[3] The applicant had renewed his asylum application, denied earlier by the District Director following receipt of a State Department advisory opinion, at the hearing before the immigration judge.

[4] 18 U.S.C. 5031 *et seq.*, as amended by the Juvenile Justice and Delinquency Prevention Act of 1974, Pub. L. 93-415, 88 Stat. 1133 (effective September 7, 1974).

[5] *But see Matter of Ramirez-Rivero, supra*, note 5.

Neither of the applicant's offenses was committed while he was under 16 years of age. It is therefore necessary to look to the nature of his offenses, committed when he was 16 and 17 years of age, in order to determine whether either or both shall, by reason of the maximum·punishment imposable, be considered an act of juvenile delinquency rather than a crime under United States standards.[6]

It is settled that United States standards govern in determining whether an offense committed in a foreign country is a felony or a misdemeanor within the meaning of section 212(a)(9) of the Act. *See Soetarto* v. *INS*, 516 F.2d 778 (7 Cir. 1975); *Giammario* v. *Hurney*, 311 F.2d 285 (3 Cir. 1962); *Matter of Scarpulla*, 15 I&N Dec. 139 (BIA 1974), and the cases cited therein. The offense is examined in light of the maximum punishment imposable for an equivalent crime described in the United States Code or, if an equivalent crime is not found there, in the District of Columbia Code. A felony is any offense punishable by death or imprisonment for a term exceeding 1 year; any other offense is a misdemeanor. 18 U.S.C. 1(1)(2). The foregoing analysis is appropriate not only in determining whether a given foreign offense would be considered a felony by United States standards if committed by an adult but whether the offense, by virtue of being a felony punishable by a maximum penalty of death, life imprisonment, or a prison term of 10 years or more, exposes a juvenile to possible criminal prosecution pursuant to the transfer provisions of section 5032 of the FJDA.

The acts for which the applicant was convicted in Cuba most closely resemble offenses defined by Congress in Title 22 of the District of Columbia Code, specifically, sections 22-1801(b) and 22-2205, dealing with second degree burglary and the receipt of stolen goods respectively.[7] Inasmuch as burglary in the second degree carries a maximum penalty of 10 years imprisonment or longer, as does receiving stolen goods valued at $100 or more, it may not be said that one charged with the commission of either offense is entitled, as a matter of law, to treatment as a juvenile delinquent under United States standards.

---

[6] We retreat from our decision in *Matter of A-*, 5 I&N Dec. 639 (BIA 1954), insofar as it is inconsistent with our present holding that youths involved in the commission of relatively minor foreign offenses between the ages of 16 and 18 years are not subject to exclusion under section 212(a)(9) of the Act.

[7] Sections 22-1801 and 22-2205, District of Columbia Code, provide:

§22-1801. Burglary — Penalties.

(a) Whoever shall, either in the nighttime or in the daytime, break and enter, or enter without breaking, any dwelling, or room used as a sleeping apartment in any building, with intent to break and carry away any part thereof, or any fixture or other thing attached to or connected thereto or to commit any criminal offense, shall, if any person is in any part of such dwelling or sleeping apartment at the time of such breaking and entering, or entering without breaking, be guilty of burglary in the first degree.

143

Under the circumstances, we believe it is incumbent upon the applicant to show that he was in fact dealt with as a juvenile delinquent in Cuba, and not as an adult criminal, under a system of treatment comparable to that established by Congress with the enactment of the FJDA. *See generally Matter of Ramirez-Rivero, supra.* We note with approval an excerpt from the immigration judge's opinion:

> This court rules that where a country adopts a procedure inherently like the adult procedure in the United States (especially including an adjudicated determination of guilt and a determinate sentence extending into one's adult life) that that treatment, even though designated by some name which refers to youth offenders, is not a juvenile delinquency proceeding under United States standards. There is a sharp distinction in American jurisprudence between the effort to rehabilitate a youth offender in a juvenile delinquency proceeding from the fixing of criminal guilt and retributive punishment of adult offenders.

Decision of the immigration judge at 5.

The burden in exclusion proceedings is upon the applicant for admission to establish that he is not inadmissible under any provision of the Immigration and Nationality Act. *See* section 291 of the Act, 8 U.S.C. 1361; *Matter of Healy and Goodchild*, 17 I&N Dec. 22 (BIA 1979). *See generally Matter of Doural*, 18 I&N Dec. 37 (BIA 1981). The applicant has not established that he was treated as a juvenile delinquent in Cuba under a system substantially similar to our own, at least with respect to the burglary offense,[8] and he must, accordingly, be considered to have been convicted of a crime. Even if we were to accept as true the applicant's testimony that his 8-year prison sentence had been

---

Burglary in the first degree shall be punished by imprisonment for not less than five years nor more than thirty years.

(b) Except as provided in subsection (a) of this section, whoever shall, either in the night or in the daytime, break and enter, or enter without breaking, any dwelling, bank, store, warehouse, shop, stable, or other building or any apartment or room, whether at the time occupied or not, or any steamboat, canalboat, vessel, or other watercraft, or railroad car or any yard where any lumber, coal, or other goods or chattels are deposited and kept for the purpose of trade, with intent to break and carry away any part thereof or any fixture or other thing attached to or connected with the same, or to commit any criminal offense, shall be guilty of burglary in the second degree. Burglary in the second degree shall be punished by imprisonment for not less than two years nor more than fifteen years.

§22-2205. Receiving stolen goods.

Any person who shall, with intent to defraud, receive or buy anything of value which shall have been stolen or obtained by robbery, knowing or having cause to believe the same to be so stolen or so obtained by robbery, if the thing or things received or bought shall be of the value of $100 or upward, shall be imprisoned for not less than one year nor more than ten years; or if the value of the thing or things so received or bought be less than $100, shall be fined not more than $500 or imprisoned not more than one year, or both.

[8] We need not and do not decide whether the receipt of stolen property offense was treated as a crime or as an act of juvenile delinquency by the Cuban court.

reduced on appeal to 4 years (and the immigration judge apparently did not find credible that portion of the applicant's testimony), the fact remains that he was given a determinate sentence extending beyond his minority. *Compare* section 5037(b) of the FJDA, 18 U.S.C. 5037(b).[9]

The question whether the applicant's offense was turpitudinous must be answered in the affirmative. Burglary and theft or larceny, whether grand or petty, are crimes involving moral turpitude. *See Matter of Leyva*, 16 I&N Dec. 118 (BIA 1977), and *Matter of Scarpulla, supra*, and the cases cited therein. The fact that the applicant's offense may have been motivated by economic hardship does not alter that well-established proposition. *Chiaramonte* v. *INS*, 626 F.2d 1093 (2 Cir. 1980).

In conclusion on the issue of excludability, we find that the applicant has failed to sustain his burden of showing that he is not excludable under section 212(a)(9) of the Act.[10] His excludability under section 212(a)(20) of the Act has been established by his admissions. *Matter of Castellon*, 17 I&N Dec. 616 (BIA 1981).[11] The immigration judge properly found the applicant inadmissible on each ground for exclusion alleged.

---

[9] Section 5037, FJDA, provides in pertinent part:

(b) The court may suspend the adjudication of delinquency or the disposition of the delinquent on such conditions as it deems proper, place him on probation, or commit him to the custody of the Attorney General. Probation, commitment, or commitment in accordance with subsection (c) shall not extend beyond the juvenile's twenty-first birthday or the maximum term which could have been imposed on an adult convicted of the same offense, whichever is sooner, unless the juvenile has attained his nineteenth birthday at the time of disposition, in which case probation, commitment, or commitment in accordance with subsection (c) shall not exceed the lesser of two years or the maximum term which could have been imposed on an adult convicted of the same offense.

[10] A finding that a juvenile had been convicted of a crime rather than adjudicated a delinquent and that the crime involves moral turpitude does not necessarily preclude him from establishing that he is not inadmissible under section 212(a)(9) of the Act. Section 212(a)(9) exempts from its provisions youths who have committed only one crime involving moral turpitude while under 18 years of age provided the crime was committed more than 5 years prior to the date of application for a visa and for admission to the United States or, if the crime resulted in confinement in a prison or correctional institution, the alien was released from confinement more than 5 years prior to the date of application for a visa and admission. *See Matter of C-M-*, 5 I&N Dec. 327 (BIA 1953). As fewer than 5 years have elapsed since the applicant's release from confinement, he may not benefit from the juvenile offender exception of the statute.

[11] On appeal, the applicant through counsel contends that he ought to have been granted a waiver of excludability under section 212(d)(4) of the Act, 8 U.S.C. 1182(d)(4). That section, which authorizes the waiver of documentary requirements in the case of certain aliens seeking admission as nonimmigrants, is inapplicable where, as here, the alien has failed to establish that he qualifies as a nonimmigrant. *See* section 101(a)(15) of the Act, 8 U.S.C. 1101(a)(15); section 214(b) of the Act, 8 U.S.C. 1184(b).

The immigration judge denied the applicant's asylum request for failure to satisfy his burden of demonstrating that his life or liberty would be threatened if required to return to Cuba on account of his race, religion, nationality, membership in a particular social group, or political opinion. *See generally Matter of McMullen*, 17 I&N Dec. 542 (BIA 1980). The immigration judge's determination will be affirmed.

The applicant's asylum application, uncontroverted by his testimony at the hearing, reflects that he never belonged to any organizations hostile to the interests of Cuba, that he never expressed any political opinions or acted in a manner which was regarded by the Cuban authorities as opposed to the interests of that country, that his family never suffered because of his absence, actions, or political opinions, and that the conditions in Cuba did not affect his freedom more than the rest of the Cuban population. The applicant's mere assertion that he will be persecuted or that he disagrees with the political and economic system in Cuba is not sufficient to establish his persecution claim; nor does the fact that he may be required to complete his term of imprisonment if returned to Cuba constitute persecution within the contemplation of the Act. The appeal will be dismissed.

ORDER: The appeal is dismissed.