NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERGIO LEYVA GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-2777<br><br>Agency No.<br>A201-596-434<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2025[**]
San Francisco, California

Before: N.R. SMITH and DE ALBA, Circuit Judges, and BENNETT, District Judge.[***]

Sergio Leyva Gonzalez,[1] a native and citizen of Mexico, is currently married

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

[1] Leyva's marriage certificate states his name as "Sergio Omar Leyva."

to a United States Citizen, Yvette Villalazo, with whom he has fathered a U.S. citizen child. Leyva appeals a decision by the Board of Immigration Appeals (BIA) denying his request for administrative closure.[2]

1.     The government argues that we lack jurisdiction to review the BIA's denial in light of our decision in *Figueroa Ochoa v. Garland*, 91 F.4th 1289 (9th Cir. 2024), *cert. denied* 145 S. Ct. 137 (2024). Leyva did not respond to this assertion in his reply brief, nor did he argue that his claims were constitutional claims or questions of law.

In *Figueroa Ochoa*, we determined that we lacked jurisdiction to review "any and all decisions relating to the granting or denying of discretionary relief, which plainly includes factual findings." 91 F.4th at 1293 (quoting *Patel v. Garland*, 596 U.S. 328, 336–37 (2022)). However, we also determined that we retained jurisdiction to "review [] constitutional claims or questions of law." *Id.*

Here, Leyva's only potential relief from removal would be a successful I-360 petition under the Violence Against Women Act (VAWA), which would allow him to apply for cancellation of removal or adjustment of status. *See* 8 U.S.C. § 1229b(b)(2). However, the grant of cancellation of removal or adjustment of

---

[2] Leyva does not appeal the BIA's conclusion that he is subject to removal from the United States as charged, because he did not meaningfully argue before the BIA that he was eligible for any form of relief. Accordingly, this issue is forfeited. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

status is a discretionary decision of the Attorney General. *See id.* § 1252(a)(2)(B)(i).

In this case, the motion to administratively close the removal proceedings (in order for the USCIS to process an I-360 petition under the VAWA) is a decision relating to the granting or denying of discretionary relief, similar to a motion to continue or motion to remand. *See Figueroa Ochoa*, 91 F.4th at 1294–95. In making its determination, the BIA assessed the likelihood that Leyva's I-360 petition would be granted and assessed how Leyva's conviction would affect his eligibility for such discretionary relief in the form of cancellation of removal or adjustment of status. Those conclusions are "judgments" or "authoritative decisions." *See id.* at 1294 (quoting *Patel* 596 U.S. 336). And they were judgments "'regarding the granting of' cancellation of removal or adjustment of status because making it necessarily required the agency to evaluate [Leyva's] eligibility for such relief."[3] *Id.*

Accordingly, we lack jurisdiction to consider the petition based on the BIA's discretionary determinations.

2. Even if we considered Leyva's argument that the BIA "largely ignored the

---

[3] Although the I-360 petition is solely under the purview of the USCIS, the statutes and regulations set forth the criteria necessary for approval. Therefore, the BIA was within its discretion to determine whether the evidence submitted would support the petition.

other [*Avetisyan*] factors" as a "question of law" for which we have jurisdiction, his petition still fails. None of the assertions of error demonstrate that the BIA abused its discretion. *See Marquez-Reyes v. Garland*, 36 F.4th 1195, 1208–09 (9th Cir. 2022). First, the BIA cited to and followed the standard for administrative closure set forth by *Matter of Avetisyan*, 25 I. & N. Dec. 688 (BIA 2012), and *Matter of W-Y-U-*, 27 I. & N. Dec. 17 (BIA 2017). Second, the record supports the BIA's conclusion that Leyva's I-360 petition would not likely be granted. For example, the Prima Facie eligibility determination upon which Leyva relies specifically states that the prima facie decision does not mean that the petition will ultimately be granted. *See* 8 C.F.R. § 204.2(c)(6)(iv). Additionally, the record supports the BIA's conclusion that the domestic violence incident was not "perpetrated by [Leyva's] spouse or intended spouse." 8 U.S.C. § 1154(a)(1)(A)(iii). The BIA also reasonably considered the effect that Leyva's criminal history would have on any future application for adjustment of status. *See Matter of De La Nues*, 18 I. & N. Dec. 140, 145 (BIA 1981) ("Burglary and theft or larceny, whether grand or petty, are crimes involving moral turpitude.").

Leyva argues that the BIA abused its discretion because the government did not file an opposition to the motion. However, as this court observed in *Gonzalez-Caraveo v. Sessions*, allowing the parties to "unilaterally control and decide administrative closure" "directly conflicts with the delegated authority of the

Immigration Judges and the Board and their responsibility to exercise independent judgment and discretion in adjudicating cases and to take any action necessary and appropriate for the disposition of the case." 882 F.3d at 890; *see also In Re Yewondwosen*, 21 I. & N. Dec. 1025, 1026–27 (BIA 1997) (explaining that the BIA is not required to grant a motion to reopen if the government does not oppose it). Although the BIA can consider the government's non-opposition when weighing the factors (which it did), that fact alone does not outweigh the other factors.

**PETITION DISMISSED.**