## MATTER OF CHIEN

## In DEPORTATION Proceedings

## A-10107638

### Decided by Board October 29, 1963

An exchange visitor alien who has been granted a waiver of the foreign-residence requirement provided by section 212(e), Immigration and Nationality Act, as amended, is not precluded by section 244(f)(2) from establishing statutory eligibility for suspension of deporation under section 244(a)(1).

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer—admission as a nonimmigrant student and change of status to exchange visitor.

The case comes forward pursuant to certification by the special inquiry officer of his decision dated August 2, 1963 ordering that the deportation of the respondent be suspended under the provisions of section 244(a)(1) of the Immigration and Nationality Act, as amended.

**Discussion as to Deportability:** The respondent is a native and citizen of China, 32 years old, male, who last entered the United States on September 19, 1954, at which time he was admitted as a nonimmigrant student. His status was changed on May 8, 1959 to that of an exchange visitor and he was subsequently granted until July 16, 1963 to effect his voluntary departure from the United States. On December 28, 1962 the grant of voluntary departure was rescinded and the respondent acknowledged that he has remained in the United States thereafter without authority. Deportability is conceded and is found to be established as charged in the order to show cause.

**Discussion as to Eligibility for Suspension of Deportation:** The respondent was married on April 7, 1957. His wife had entered the United States on November 3, 1956 as an exchange visitor and is the beneficiary of a waiver of the two-year foreign residence requirement. They have two children, approximately four and two years of age, both native-born citizens of the United States. The respondent's wife is a pediatrician but is presently active only as a housewife. She and the children are dependent entirely upon the

387

respondent for support. The respondent is an assistant professor of psychology at Columbia University College of Physicians and Surgeons, engaged in problems of wound shock under contract with the Office of the Army Surgeon General, and earns approximately $12,000 per year. His assets consist of $500 in savings and personal effects valued at $2500.

Letters from professional associates and friends, reprints of respondent's articles in various scientific publications and other documentary evidence have been submitted. This evidence establishes that the respondent has been continuously physically present in the United States since the time of entry, a period of at least the preceding seven years.

A check of the local appropriate local and federal records have failed to reveal an arrest or criminal record against the respondent. Inquiry disclosed that he has no connection with subversive groups. Affidavits of witnesses and an independent character investigation establish that he has been a person of good moral character for more than the preceding seven years. The respondent meets the good moral character requirement for suspension of deportation as well as the other requirement of a continuous period of residence of not less than seven years immediately preceding the date of his application, and the requirement that his deportation would result in extreme hardship to himself as well as his spouse and children, the latter of whom are citizens of the United States.

The respondent is the beneficiary of a visa petition filed in his behalf by Columbia University on June 11, 1962 approved by the Service on July 18, 1962 granting him preference status under section 203(a)(1) of the Immigration and Nationality Act. At the request of the Department of Defense, based upon his research in the field of hemorrhagic shock and radiation syndrome for the Office of the Army Surgeon General, he has been granted a waiver of the foreign residence requirement for exchange visitors under section 212(e) of the Immigration and Nationality Act. However, since the first preference portion of the quota for Chinese persons is oversubscribed presently, the respondent cannot readily obtain an immigrant visa to otherwise adjust his immigration status.

The respondent's case is an extremely meritorious one and he qualifies for suspension of deportation in every respect except for the apparent bar interposed by section 244(f) of the Immigration and Nationality Act as amended by the Act of October 24, 1962 (76 Stat. 1247, P.L. 87-885) which provides:

(f) No provision of this section shall be applicable to an alien who * * * (2) was admitted to the United States pursuant to section 101(a)(15)(J) or has acquired such status after admission to the United States; * * *

The respondent acquired the status of an exchange visitor on May 8, 1959. However, he has been granted a waiver of the two-year foreign residence required for a change of status under section 212(e) of the Immigration and Nationality Act. There remains to be considered whether an alien who has an exchange visitor status but who has been granted a waiver of the foreign residence requirement comes within the bar of section 244(f) of the Immigration and Nationality Act, as amended.

The primary purpose of the Information and Educational Exchange Act of 1948 was to promote international good will by mutual exchange of persons to observe and study on the one hand and to teach important knowledge on the other. In establishing this program Congress anticipated that the alien would employ the knowledge and skill, thus acquired as the result of a stay here, in his own country. He was declared ineligible for the privilege of suspension of deportation. The ban against granting suspension of deportation to exchange visitors was incorporated into section 402(f) of the Immigration and Nationality Act. The Information and Educational Exchange Act of 1948 was amended on June 4, 1956 (Public Law 84–555) to provide that no person acquiring exchange status thereafter would be eligible for an immigrant visa or for adjustment of status to that of an alien lawfully admitted for permanent residence unless he had been physically present in a cooperating country for a period of two years following departure from the United States, except that such two-year requirement might be waived by the Attorney General in the case of an alien whose admission to the United States was found by the Attorney General to be in the public interest.

Section 201 of the Information and Educational Exchange Act was repealed by the Mutual Exchange and Cultural Exchange Act of 1961 (Public Law 87–256) and the two-year foreign residence requirement and waiver provisions in somewhat revised form were incorporated into section 212(e) of the Immigration and Nationality Act and section 101(a)(15)(J) was added to include exchange visitors as a specific category of nonimmigrants. Although section 244(f) of the Immigration and Nationality Act as amended on October 24, 1962 at first glance would also appear to bar voluntary departure to the classes of aliens enumerated therein, such a construction was rejected in favor of an interpretation allowing such relief in the cases of crewmen.[1]

In commenting on the proposed amendment of section 244 by the Act of October 24, 1962 the Congressional discussion as stated by Congressman Feighan stated as follows: "Suspension of deportation will not be available to alien crewmen and to persons who come to

---

[1] *Matter of Varga Rodriguez*, Int. Dec. 1254.

the United States under the International Educational Exchange Program *and are under obligation to return to their native country for at least two years* to give their country the benefit of their American education and experience."[2]   (Emphasis supplied.)   From this statement it may be fairly inferred that section 244(f)(2) was not intended to bar suspension of deportation to an exchange visitor with respect to whom the two-year foreign residence requirement had been waived.   Any other interpretation would result in a strange paradox. Section 212(e) as amended permits the issuance of a visa, as well as the granting of permanent residence to an exchange visitor with the required waiver.   Suspension of deportation under the Immigration and Nationality Act is merely one method of adjustment of the status of an alien to that of a permanent resident in addition to sections 245 or 249 of the Immigration and Nationality Act.   There is no apparent reason for denying adjustment of status to an applicant for suspension of deportation who has the required waiver while granting it to an applicant under section 245 or section 249 of the Act.   Where the waiver has been granted in the public interest, it would appear that Congress, in the same public interest, would authorize an alien to become a permanent resident through suspension of deportation if he could not adjust his status in some other manner.

Suspension of deportation is a remedial provision and any ambiguity in the restriction of the grant of such relief should be resolved in favor of the alien.   The respondent has been granted a waiver of the two-year foreign residence period required of one who acquired the status of an exchange visitor.   Inasmuch as he is no longer required to return to his native country for two years, having been granted the necessary waiver, he would appear to be eligible for suspension of deportation and the bar of section 244(f)(2) would not apply in such a case.   The order of the special inquiry officer granting the respondent the privilege of suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act will be approved.

**ORDER:** It is ordered that the order of the special inquiry officer dated August 2, 1963 granting the alien the privilege of suspension of deportation be and the same is hereby approved.

---

[2] 20 Congressional Record 22153 (daily edition, October 1, 1962).