## MATTER OF PEREYRA

### In Deportation Proceedings

#### A-21036029

*Decided by Board August 10, 1978*

An exchange visitor who is no longer subject to the foreign residence requirement in view of the amendment of section 212(e) of the Immigration and Nationality Act is not precluded from establishing statutory eligibility for suspension of deportation notwithstanding the provisions of section 244(f)(2) barring exchange visitors from that relief.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Exchange visitor—remained longer than permitted

ON BEHALF OF RESPONDENT:
John J. Barry, Esquire
Barry, Barry, & Barry
One Hunter Street
Long Island City, NY 11101

ON BEHALF OF SERVICE:
Jay D. Steinberg
Acting Appellate Trial Attorney

BY: Milhollan, Chairman; Appleman, Maguire, and Farb, Board Members

This is an appeal from a decision of an immigration judge dated September 28, 1976, which found the respondent deportable as charged, denied her application for suspension of deportation under section 244(a) of the Immigration and Nationality Act, 8 U.S.C. 1254 (a), but granted her the privilege of voluntary departure in lieu of deportation. The record will be remanded to the immigration judge for further proceedings.

The respondent, a native and citizen of the Philippines, was admitted into the United States on April 6, 1966, as a nonimmigrant exchange visitor under section 101(a)(15)(J) of the Act, 8 U.S.C. 1101(a)(15)(J), and was authorized to remain in that status until April 5, 1969. She has remained in the United States beyond that date. Deportability is conceded and the only issue on appeal concerns the denial of her application for suspension of deportation.

The immigration judge refused to consider the respondent's application for section 244(a) relief at the deportation hearing, ruling that she

was statutorily ineligible for suspension of deportation by reason of the bar imposed by section 244(f)(2) of the Act, 8 U.S.C. 1254(f)(2), which provides:

(f) No provision of this section shall be applicable to an alien who . . . (2) was admitted to the United States pursuant to section 101(a)(15)(J) or has acquired such status after admission to the United States; . . . .

Section 244(f)(2) is in accord with section 212(e) of the Act, 8 U.S.C. 1182(e), which from 1956 until 1970 barred all exchange visitors from applying for permanent residence, for an immigrant visa or for a nonimmigrant visa as a temporary worker until they had resided abroad for at least two years following the termination of their exchange visitor status. The amendment of section 212(e) in 1970 and again in 1976, however, eliminated the two-year foreign residence requirement for all exchange visitors except those who (1) participated in programs financed in whole or in part by the government of their country or the United States, (2) acquired exchange visitor status after the Secretary of State designated their country of nationality or last residence as clearly requiring their knowledge or skill, or (3) acquired exchange visitor status for the purpose of receiving graduate medical education or training.

Counsel contends that an exchange visitor who is no longer subject under section 212(e), as amended, to the two-year foreign residence requirement should not be held barred from suspension of deportation by section 244(f)(2). We agree.

In *Matter of Chien*, 10 I. & N. Dec. 387 (BIA 1963), the Board examined the history and purpose of the statutory provisions implementing the exchange visitor program and noted that Congress, in establishing the program, contemplated that alien participants would return to their native countries to make available for the benefit of their homelands the skills and knowledge they acquired in the United States. The foreign residence requirement imposed by section 212(e) and the bar to suspension of deportation presently embodied in section 244(f)(2) were designed to further that objective.

We also noted, however, that since first imposing the two-year foreign residence requirement in 1956, Congress has provided a procedure in section 212(e) whereby exchange visitors may, under the circumstances and in the manner set forth in the statute, obtain a waiver of the requirement and thus be released from their obligation to return to their native countries as a precondition to acquiring an immigrant visa or permanent resident status.

The Board concluded that Congress, having eliminated the foreign residence requirement as a condition precedent to the issuance of a visa or the grant of adjustment of status to that of a permanent resident for all exchange visitors who have secured a section 212(e) waiver, did not

intend to preclude exchange visitors with the required waiver from establishing statutory eligibility for suspension of deportation, merely one form of adjustment of status. We accordingly held in *Matter of Chien, supra,* that the bar of section 244(f)(2) does not apply to exchange visitors who have been granted a waiver of the foreign residence requirement.

Likewise, we conclude that an exchange visitor who is not subject under the statute to the foreign residence requirement should not be barred from seeking relief under section 244(a). We therefore hold that section 244(f)(2) does not operate as a bar to suspension of deportation in such cases.[1]

Since the immigration judge ruled that the respondent was ineligible for suspension of deportation as a matter of law by reason of section 244(f)(2), he did not address the issues of whether the respondent is in fact exempt from the foreign residence requirement of section 212(e), whether she can establish statutory eligibility for relief under section 244(a)(1), 8 U.S.C. 1254(a)(1), and, if those questions are answered in the affirmative, whether a favorable exercise of discretion is warranted in this case. We shall accordingly remand the record to the immigration judge for adjudication of those issues and the entry of a new decision. In the event the decision on remand is again adverse to the respondent, we direct that the case be certified back to the Board for review.

**ORDER:** The record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion and the entry of a new decision.

**FURTHER ORDER:** Should a decision on the application for section 244(a)(1) relief be adverse to the respondent, an appropriate order shall be entered and the record shall be certified to us for review.

---

[1] We are aware that the United States Court of Appeals for the First Circuit, in a footnote to a recently decided case, may have stated a position inconsistent with our holdings in *Matter of Chien, supra,* and the present case. See *Bonsukan v. INS,* 554 F.2d 2, 4 n. 3 (1 Cir. 1977). However, since the court's statement is couched in somewhat equivocal language and since it appears that the legal issues involved were not fully developed in the course of the court proceedings, we shall regard the court's statement as *dictum.*