MATTER OF MANGASER

In Deportation Proceedings

A-21098138

*Decided by Board August 12, 1983*

Under the Immigration and Nationality Act Amendments of 1981, Pub. L. No. 97-116, 95 Stat. 1611, a nonimmigrant exchange alien (as defined in section 101(a)(15)(J) of the Act, 8 U.S.C. § 1101(a)(15)(J) (1982)), is barred by section 244(f)(2) of the Act, 8 U.S.C. § 1254(f)(2) (1982), from eligibility for suspension of deportation regardless of whether or not he is subject to or has fulfilled the 2-year foreign residence requirement of section 212(e) of the Act, 8 U.S.C. § 1182(e) (1982). *Matter of Pereyra,* 16 I&N Dec. 590 (BIA 1978), superseded.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Nonimmigrant—remained longer than permitted

ON BEHALF OF RESPONDENT:
William Z. Reich, Esquire
Serotte, Reich, and Goldstein
300 Delaware Avenue
Buffalo, New York 14202-1872

ON BEHALF OF SERVICE:
James W. Grable
Chief Legal Officer

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

The respondent has submitted a motion to reopen deportation proceedings in order to permit him to apply for suspension of deportation, or, in the alternative, for reinstatement of voluntary departure, and for a stay of deportation pending a decision in the matter. The Service opposes the motion. The motion will be denied.[1]

A summary of the protracted history of the case is in order. The respondent, a 35-year-old married native and citizen of the Philip-

---

[1] The Board denied the request for a stay of deportation on July 20, 1983, in response to the respondent's telephonic request of the same date.

pines, was admitted initially to this country on July 10, 1976, as a nonimmigrant exchange alien as defined in section 101(a)(15)(J) of the Act, 8 U.S.C. § 1101(a)(15)(J) (1982), for the purpose of pursuing postgraduate medical training. His spouse and eldest son entered the United States on the same date on "J-2" visas. The respondent's "J-1" visa and his dependents' "J-2" visas where renewed in July 1980 to July 31, 1981. The respondent's last entry into the United States was on July 14, 1980. He completed his postgraduate medical training in June 1981. In the same month, the respond- ent's spouse filed an "H-1" petition and application for change of nonimmigrant status under section 248 of the Act, 8 U.S.C. § 1258 (1982).

On March 4, 1982, the Service requested the respondent to appear at its Buffalo district office to discuss his immigration status. The respondent appeared at the district office on March 12, 1982, at which time he requested pre-hearing voluntary departure pending resolution of his wife's application for change of nonimmi- grant status, then on appeal before the regional commissioner. The Service, on the above date, granted him the privilege of voluntary departure to May 11, 1982. The respondent, on the same grounds, requested an extension of his voluntary departure date which the Service, in its discretion, granted on May 21, 1982, setting July 5, 1982, as the new deadline for departing the United States.

In June 1982, the regional commissioner reversed the district di- rector's decision regarding the respondent's wife's application for change of nonimmigrant status and granted her "H-1" status as a temporary worker until July 1, 1983.

The Service, in error, prematurely issued an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S), dated July 2, 1982, charging the respondent with deport- ability pursuant to section 241(a)(2) of the Act, 8 U.S.C. § 1251(a)(2) (1982), as a nonimmigrant who had remained in the United States longer than permitted. On July 27, 1982, the Service issued a su- perseding Order to Show Cause against the respondent on the same grounds. At the deportation hearing on August 20, 1982, the re- spondent argued that the Order to Show Cause should be cancelled because he never received a formal response to his June 29, 1982, letter to the district director requesting an additional extension of his voluntary departure date. The immigration judge found no merit in the respondent's assertion and found him deportable as charged. In lieu of deportation, he granted the respondent volun- tary departure until September 20, 1982.

The respondent appealed the immigration judge's decision to this Board. On April 6, 1983, we dismissed the appeal, noting first that

the respondent's pending request for extended voluntary departure was outside the jurisdiction of both the immigration judge and the Board; and second, that such a pending request did not preclude a finding of deportability. We granted the respondent 30 days' voluntary departure in accordance with our decision in *Matter of Chouliaris,* 16 I&N Dec. 168 (BIA 1977).

On June 16, 1983, the respondent's wife filed for an extension of her "H-1" status to June 30, 1984. Her application was subsequently granted. The respondent again requested and received an extension of his date of voluntary departure from the district director until July 1, 1983. The respondent again failed to depart the United States.

The Service issued a warrant of deportation on July 8, 1983, pursuant to the outstanding order of deportation. On the same date, the respondent was directed to surrender for deportation on July 21, 1983, at Buffalo, New York. By letter dated July 18, 1983, the respondent requested the district director to withdraw the warrant, reinstate voluntary departure, or alternatively to postpone deportation pending the instant application for reopening of deportation proceedings for presentation of a suspension application based on the respondent's completion of 7 years' continuous physical presence in the United States. The district director, by letter dated July 19, 1983, denied the request. On July 20, 1983, the respondent filed the instant motion with the Office of the Immigration Judge in Buffalo, New York. Failing, the same date, to obtain a telephonic stay of deportation from this Board, the respondent filed an application for a writ of habeas corpus in a United States district court.

A party seeking to reopen deportation proceedings must state the new facts which he intends to establish and provide appropriate affidavits or other supportive evidentiary material. 8 C.F.R. § 3.8(a) (1983). Motions to reopen will not be granted when a prima facie case of eligibility has not been established. *INS* v. *Wang,* 450 U.S. 139 (1981); *Matter of Sipus,* 14 I&N Dec. 229 (BIA 1972); *Matter of Lam,* 14 I&N Dec. 98 (BIA 1972).

To establish prima facie eligibility for suspension of deportation, the respondent must show that he satisfies the statutory requirements of section 244(a) of the Act, 8 U.S.C. § 1254(a) (1982). We find that this respondent has clearly failed to establish prima facie eligibility for suspension of deportation under section 244(a) of the Act. Section 244(f)(2) of the Act specifically provides:

The provisions of subsection (a) shall not apply to an alien who—

. . . .

30

(2) was admitted to the United States as a nonimmigrant exchange alien as defined in section 101(a)(15)(J), or has acquired the status of such a nonimmigrant exchange alien after admission, in order to receive graduate medical education or training, regardless of whether or not the alien is subject to or has fulfilled the two-year foreign residence requirement of section 212(e).

The respondent herein was admitted to the United States as a non-immigrant exchange alien as defined in section 101(a)(15)(J). Thus, he is statutorily ineligible for suspension of deportation.

The respondent asserts that he is not barred from eligibility for suspension of deportation under section 244(f)(2) of the Act because he was granted a waiver of the 2-year foreign residence requirement under section 212(e) of the Act, 8 U.S.C. § 1182(e) (1982). He submits that there is a "Congressional intent to distinguish between [foreign medical graduates] who entered prior to January 10, 1977, and to preserve their pre-existing remedies for relief from deportation." This Board's decision in *Matter of Pereyra*, 16 I&N Dec. 590 (BIA 1978), and the administrative regulations regarding section 212(e) waivers are cited as support for this position. *See* 8 C.F.R. § 212.7(c)(10) (1982).

*Matter of Pereyra*, however, interpreted section 244(f) prior to the enactment of the Immigration and Nationality Act Amendments of 1981. It is clear under the present provisions of the law that individuals who were admitted on "J-1" visas are statutorily ineligible for suspension of deportation regardless of whether or not they are subject to or have fulfilled the 2-year foreign residence requirement of section 212(e). Thus, neither *Matter of Pereyra*, nor the regulations concerning section 212(e) waivers, provide any support for the respondent's position. The statutory language is clear and unambiguous. The respondent has identified no legislative history suggesting an interpretation at variance with the natural purport of the statute's language. Moreover, it cannot even be asserted that this respondent had a "pre-existing remedy" for relief from deportation under section 244(a) available at the time of enactment of the 1981 amendments to the Act. He had clearly been in the United States for less than 7 years at that point.

The respondent alternatively seeks a new grant of voluntary departure. However, we have long held that in order to warrant a new grant of voluntary departure, a respondent "must demonstrate the existence of compelling reasons or circumstances for his failure to depart within the time originally allotted." *See Matter of Onyedibia*, 15 I&N Dec. 37 (BIA 1974). The respondent has not shown any compelling reason for his failure to depart within the voluntary departure period previously granted by the immigration judge and the generous extensions granted by the district director. A further

grant of voluntary departure is not warranted under such circumstances.

Accordingly, the motion to reopen will be denied.

**ORDER:** The motion to reopen is denied.